**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK SARKISSIAN, DBA Jacks Jewelers; SIERA JEWELRY, INC., a California Corporation, | No. 22-55962 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-00927-AB-PVC |
| v. | MEMORANDUM* |
| BERKLEY REGIONAL INSURANCE COMPANY, an Iowa Corporation; DOES, 1 through 50, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted October 3, 2023**
Pasadena, California

Before: GRABER, MENDOZA, and DESAI, Circuit Judges.

Plaintiffs Jack Sarkissian, d.b.a. Jack's Jewelers, and Siera Jewelry, Inc.,

timely appeal the district court's dismissal of their claims arising out of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

insurance contract provided by Defendant Berkley Regional Insurance Co. Plaintiffs assert that Defendant must pay for losses arising from the COVID-19 pandemic and the resulting governmental shut-down orders. But the relevant insurance policy contains a virus-exclusion provision that bars coverage for "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." Reviewing de novo, Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am., 15 F.4th 885, 889 (9th Cir. 2021), we affirm.

The district court correctly held that the virus-exclusion provision precludes Plaintiffs' claims. We held in Mudpie that a nearly identical provision precluded similar claims. 15 F.4th at 893–94; accord Musso & Frank Grill Co. v. Mitsui Sumitomo Ins. USA Inc., 293 Cal. Rptr. 3d 1, 6–7 (Ct. App. 2022). As in Mudpie, Plaintiffs have not alleged plausibly that "the efficient cause" of Plaintiffs' losses was anything other than the spread of COVID-19 throughout California. 15 F.4th at 894 (citation omitted). Plaintiffs argue that Mudpie misapplied California law, but we are bound by Mudpie. Miller v. Gammie, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

We need not, and do not, reach any other arguments raised by the parties.

**AFFIRMED.**